IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| | ) | |
| DEACTAVEIUS LAMONT DILLARD | ) | |
| | | Case No. 4:19-MJ-31 |

**AFFIDAVIT IN SUPPORT OF CRIMINAL
<u>COMPLAINT AND ARREST WARRANT</u>**

1.   I, Christopher K. Newcomb, a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Washington Field Division, Roanoke Field Office, having been duly sworn, hereby depose and state as follows:

<u>INTRODUCTION</u>

2.   I make this affidavit in support of a complaint and arrest warrant under Rules 3, 4, and 4.1 of the Federal Rules of Criminal Procedure.

3.   I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18, United States Code.

4.   Since March 2019, I have been sworn as a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") within the Washington Field Division, Roanoke, Virginia Field Office.  I have served with the City of Danville Police Department in Danville, Virginia since September of 2015.  During my time as a police officer, I have received training in various aspects of law enforcement, including gang investigations.  I have also completed the ATF Task Force Officer Training Program, which includes: identification of firearms, NFA firearms, seizure of firearms, and firearms investigations.

5.   I am familiar with state and federal firearm laws and have participated in numerous firearm related investigations, including but not limited to searching and seizing of evidence, questioning suspects and witnesses, effecting arrest, and examining and testing various firearms.

6.   The information contained in this affidavit is based on my knowledge of this investigation and other facts provided to me by other law enforcement officers, as well as

1

from documents and other materials. I have not included all the facts of this investigation, but only those sufficient establish probable cause.

## PROBABLE CAUSE

7.     On May 29, 2019, The Danville Virginia Police Department ("DPD") was searching for a wanted fugitive on Melville Avenue in Danville, Virginia.  DPD detectives drove to the address where the wanted fugitive had last been encountered by law enforcement, i.e. 761 Melville Avenue, Danville, Virginia.  DPD officers observed a black Chevrolet Malibu, Virginia registration UVP-5169, parked in front of 760 Melville Avenue.  The officers observed several individuals sitting in the Chevrolet Malibu and turned their police vehicle around at the intersection of Arnett Boulevard and Melville Avenue.  The officers parked behind the Chevrolet Malibu without activating emergency lights or sirens.  As the DPD officers were approaching the Malibu, the rear driver side door opened and a man determined to be Deactaveius Lamont DILLARD exited.  From observation and body worn camera, officers also determined that Zaccheaus White exited the passenger side rear seat and Monta Fitzgerald exited the front passenger seat as the officers approached.  None of the individuals who exited the vehicle were wanted fugitives, but all three are known gang members.

8.     A DPD officer approached the vehicle.   The front passenger side door was open and the officer smelled the odor of marijuana omitting from the vehicle.  DPD detained the individuals and conducted a probable cause search of the vehicle.

9.     DPD officers searched the driver's side rear passenger seat, where DILLARD had exited. While searching the rear passenger side area, DPD officers observed two firearms underneath the front driver's seat, covered by a jacket.  A metal bar underneath the front driver's seat would have prohibited access to the firearms from the front of the vehicle.

10.    One of the firearms observed in that location, a Glock, Model 36, .45 auto Caliber FKY781, is classified as a "machinegun" as defined by 18 USC Section 921(a) and 26 USC Section 5845(b) (*see below*).

11.    DPD officers also located several other items inside the black Chevrolet Malibu.  A brown/tan book bag with green/red straps was located in the floor behind the front passenger seat.  Inside the book bag, DPD officers found a digital scale, a third firearm, approximately 49 grams of Methamphetamine (Field Tested Positive), approximately 21 grams of Cocaine (Field Tested Positive), approximately 4 grams of Heroin (Field Tested Positive for Morphine) and approximately 20 grams of marijuana (Field Tested Positive). In the rear seat of the vehicle, officers also located a black mask, gloves and binoculars. A fourth firearm was located underneath the front passenger seat.  DPD officers also located gloves, a flashlight and a flip phone in the front seat.  Officers also seized a hand rolled marijuana cigarette that was lying beside the gear selector in between the two front seats.

12.    Search incident to arrest of DILLARD yielded an Apple IPhone from his person.

13.     Detectives executed a Virginia State Narcotics Distribution Search Warrant on this IPhone.  DILLARD provided his cellular phone number and the passcode to the device.  On the Cellular Phone Extraction, law enforcement located a video, created approximately one month prior to the incident described above, of a hand firing a Glock machine gun.  The Glock machine gun in the video appears to be the same firearm found in the car near where DILLARD exited.  In the video, the firearm can be seen to be a Glock 36, .45 auto caliber, black, with an added Glock Diversion Device on the rear of the slide, consistent with the firearm seized.  The magazine seized also has an extended slot for a finger, consistent with the magazine in the video.  The firearm appears to be loaded, where you can see a round in the loaded position.  The video depicts the firearm ejecting projectiles at an automatic rate.  There is therefore probable cause to believe the person in the video, or viewing the video, was aware of the essential characteristic of that firearm.

14.     Detectives also located text messages sent from DILLARD's phone discussing this video and DILLARD's possession of the firearm in the video.  In these messages, DILLARD sent the video as part of a text message conversation.  The video recipient states "you shoot it yet?" and DILLARD replies "Nah, not yet."  The video recipient then states "Don't forget to record deht join" and DILLARD replies "I anit".

15.     The Glock, Model 36, .45 auto caliber firearm, serial number FKY781 was sent to the Alcohol, Tobacco, Firearms, and Explosives Lab in Martinsburg, West Virginia 25405.  The Firearms Technology Criminal Branch concluded that the Glock, Model 36, .45 auto caliber firearm will expel a projectile by the action of an explosive, and also incorporates the frame of a firearm; therefore, is a "firearm" as defined in 18 U.S.C. § 921 (a)(3)(A) and (B).  The Glock, Model 36, .45 auto caliber firearm, containing a machinegun-conversion device, is a weapon which shoots automatically more than one shot, without manual reloading, by a single function of the trigger; therefore, is a "machinegun" as defined in 26 U.S.C. § 5845(b) and 18 U.S.C. § 921 (a)(23).

16.     The property of 760 Melville Ave, Danville, Virginia is in the Western Judicial District of Virginia.

CONCLUSION

17.     Based on the aforementioned factual information and my training and experience in criminal investigations, I submit that probable cause exists to conclude Deactaveius Lamont DILLARD did unlawfully possess a machinegun in violation of 18. U.S.C. § 922(o).

                              _____s/Christopher K. Newcomb_
                              Christopher K. Newcomb – Task Force Officer
                              Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND SUBSCRIBED TO BEFORE ME
THIS 31st DAY OF JULY, 2019

*Robert S. Ballou*
_____

HONORABLE ROBERT S. BALLOU
UNITED STATES MAGISTRATE JUDGE

```
Received by reliable electronic
means and attested to telephonically
```